TRACY L. WILISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JASMIN YANG (Cal. Bar No. 255254)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-8827
     Facsimile: (213) 894-7819
     E-mail: Jasmin.Yang@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EHSANOLLAH HEIDARI-MOJAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JAIME E. ARREGUIN, in his individual capacity, and UNITED STATES OF AMERICA,<br><br>    Defendants. | No. ED CV 20-00154 CBM (SHKx)<br><br>**UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:  March 23, 2021<br>Hearing Time:  10:00 a.m.<br>Ctrm:        8B<br><br>Honorable Consuelo B. Marshall<br><br>United States District Judge |

## I.      INTRODUCTION

Despite being informed as early as August 3, 2020 (Dkt. No. 20[1]) that the United States is the only proper party to an FTCA action, and despite the Court having invited Plaintiff to file a motion for leave to file a third amended complaint several times (Dkt. Nos. 28, 29 and 31), Plaintiff inexplicably failed to file a motion for leave to amend to add the United States as a defendant to this action until January 27, 2021, *after* the deadline to name the United States as a defendant had already expired.  Plaintiff's claim against the United States is jurisdictionally barred under 28 U.S.C. § 2401(b) because he did not name the United States as a party to this action within six months of the denial of his administrative tort claim.

Moreover, even if Plaintiff could overcome his failure to timely name the United States, he cannot overcome the intentional tort exception by alleging, with no good faith factual or legal basis, that a letter carrier is a law enforcement officer.  Plaintiff fails to provide any legal authority for the proposition that a letter carrier is a law enforcement officer and makes no attempt whatsoever to distinguish the several cases the Motion cites involving postal employees and the FTCA intentional tort exception.  Because this Court lacks jurisdiction over Plaintiff's FTCA claim, the United States respectfully requests that the Court dismiss the Third Amended Complaint with prejudice as to the United States.

## II.     ARGUMENT

### A.      Plaintiff's Failure to Timely Name the United States as a Defendant is a Jurisdictional Bar

Plaintiff argues that his attempt to file his Third Amended Complaint on December 28, 2020 constitutes the timely addition of the United States to this case.  Dkt. No. 40 ("Opp.") at 3:23-27.  Plaintiff also states that he "deserves" equitable tolling even

---

[1] Plaintiff was actually informed during the meet and confer discussion between counsel for USPS on July 27, 2020 that USPS was not a proper party to an FTCA action, but nevertheless maintained that USPS was the correct party, necessitating USPS's Motion to Dismiss at Dkt. No. 20.

1    though he does not need it because "he follows the rules." *Id*. at 5:19-23.

2        The FTCA's statute of limitations is jurisdictional and not subject to equitable

3    tolling and estoppel. *Adams v. United States*, 658 F.3d 928, 933 (9th Cir. 2011).  FTCA

4    claimants must strictly adhere to the statute of limitations or lose the right to invoke

5    federal jurisdiction. *Id.*  Plaintiff's attempt to file his Third Amended Complaint on

6    December 28, 2020 at Dkt. No. 30 does not satisfy 28 U.S.C. § 2401(b).  Under Fed. R.

7    Civ. P. 15(a)(2) Plaintiff was not permitted to file an amended complaint as of right and

8    had to seek leave of Court to file a subsequent amended complaint.  Recognizing this,

9    the Court issued a Notice of Deficiency stating the December 28, 2020 filing had been

10   filed under the wrong event code, and instructed Plaintiff to refile his document as a

11   Motion for Leave to Amend and specifically instructed Plaintiff to file a Notice of Errata

12   as to the December 28, 2020 filing.  Dkt. No. 31.  Plaintiff's attempt to file a Third

13   Amended Complaint on December 28, 2020 is void as it is barred by Rule 15(a)(2)[2] and

14   the Court stated it was filed under the wrong event code (as it should have been filed as a

15   Motion for Leave to Amend) and Plaintiff filed a Notice of Errata acknowledging that

16   Dkt. No. 30 was filed in error.[3]

17       Plaintiff's citation to *Goodman v. U.S.*, 298 F.3d 1048, 1053 (9th Cir. 2002) is

18   unpersuasive.  Opp. at 5:1-10.  *Goodman* concerns a situation where the plaintiff timely

19   filed an FTCA claim as the personal representative of his wife's estate and later sought

20   to substitute himself in his individual capacity as the plaintiff after he discovered that

21   Maryland law only permitted relatives of a victim in their individual capacities to file a

22   wrongful death action.  *Goodman*, 298 F.3d at 1053.  Because the plaintiff was always

23   _____

[2] All further citations are to the Federal Rules of Civil Procedure.

24   [3] Plaintiff's reliance on *M&A Gabaee v. Comm. Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1040 (9th Cir. 2005) is misplaced.  Opp. at 3:6-21.  *M&A Gabaee* concerns the application of *Younger* abstention by federal courts to abstain from exercising jurisdiction when federal claims have been presented in a pending state court case that concerns important state interests.  The proposition Plaintiff cites (that a lawsuit begins when it is filed) has no bearing on the issue of whether Plaintiff timely named the United States as a defendant in compliance with 28 U.S.C. § 2401(b).  The United States is not disputing when Plaintiff filed this lawsuit; the United States is disputing that Plaintiff timely named the United States as a defendant.

2

1   the real party in interest, there was no barrier to permitting relation back to the initial

2   complaint.  *Id.*  In doing so, the *Goodman* court noted that Rule 17(a) provides that an

3   action will not be dismissed on the ground that it is not prosecuted in the name of the

4   real party in interest to avoid injustice when an understandable mistake has been made in

5   selecting the party in whose name the action should be brought.  *Id.*

6        The situation in *Goodman* is the opposite from the situation here where Plaintiff

7   remains the same, but seeks to add a new defendant and a different entity to the lawsuit.

8   This is not a situation where Plaintiff made a good faith mistake in the representative

9   capacity in which he chose to initiate suit and there are no grounds for permitting

10   Plaintiff more time than is permitted under 28 U.S.C. § 2401(b) to name the United

11   States as a defendant to an FTCA suit.  Moreover, there is no reasonable excuse for

12   Plaintiff's failure to timely name the United States as a defendant since Plaintiff was

13   informed as early as July 24, 2020 that he had six months to file an FTCA action against

14   the United States, *and* that the United States is "*the* only proper defendant" under the

15   FTCA (emphasis added).[4]  Plaintiff has identified no mechanism that permits him to

16   relate back his time-barred Third Amended Complaint to the original complaint in this

17   case.  *See* Opp. generally.

18        Plaintiff's argument that the United States has not suffered any prejudice and that

19   his December 28, 2020 attempt constituted the timely addition of the United States is

20   squarely contradicted by *Hastings v. United States Postal Service*.  2017 WL 4358118 at

21   *5 (S.D. Cal. Oct. 2, 2017), aff'd, 771 Fed. Appx. 411, 412 (9th Cir. 2019), which found

22   that counsel at the U.S. Attorney's Office receiving the filing via a Notice of Electronic

23   Filing is insufficient to satisfy the relation-back requirements of Rule 15(c)(2).  Plaintiff

24   has not even attempted to argue that he served the U.S. Attorney or the Attorney General

25

26   _____

27   [4] USPS's denial of Plaintiff's administrative claim, dated July 24, 2020, states that
    Plaintiff: (1) "may file suit in a United States district court no later than six (6) months
    from the date of the mailing of this letter"; and (2) "the United States of America is the
28   only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act."
    Dkt. No. 36-1, Ex. B at 6.

as required under Rule 4(i)(1) with the Third Amended Complaint prior to January 25, 2021 to allow for the relation back doctrine to apply nor does he address or attempt to distinguish *Hastings*.

Plaintiff's argument that the United States has waived service of process by filing a motion to dismiss (Opp. at 6:5-19) is unavailing. The United States' motion is not based on the fact that service of process is deficient (although Plaintiff's silence on the matter of whether he served the U.S. Attorney's Office and the Attorney General is telling), but that Rule 15(c)(2) might have permitted relation back of the Third Amended Complaint had Plaintiff complied with Rule 15(c)(2)[5], but Plaintiff's failure to do so forecloses this possibility. Plaintiff does not contradict that he failed to serve the United States in accordance with Rule 15(c)(2), so relation back under this rule is not possible. Plaintiff identifies no mechanism to allow his Third Amended Complaint to relate back to the original complaint. Because the Third Amended Complaint was filed after the six-month statute of limitations and does not relate back to the original complaint, Plaintiff's FTCA claim against the United States is jurisdictionally barred.

**B.     Plaintiff's Attempt to Evade the Intentional Tort Exception is Without a Good Faith Factual Basis**

Although Plaintiff criticizes the United States for "asking the Court to go on a fact-finding mission beyond the four corners of the complaint" (Opp. at 7:17-19), Plaintiff ignores that when considering a 12(b)(1) motion based on a factual attack on jurisdiction, the court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The presumption of correctness accorded to a complaint's allegations falls away on the

---

[5] Given that Plaintiff did not even attempt to file his Third Amended Complaint until December 28, 2020, well after the time limit for service under Rule 4(m) (90 days after Plaintiff commenced this action on January 20, 2020 was April 19, 2020), it is doubtful that Plaintiff could even avail himself of the relation back doctrine under Rule 15(c)(1)(C).

1    jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction
2    into question.  *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*,
3    149 F.3d 679, 985 (7th Cir. 1998).[6]  The Court lacks jurisdiction because the intentional
4    tort exception bars Plaintiff's claim for assault and battery.  28 U.S.C. § 2680(h).
5    Plaintiff's baseless assertion that a letter carrier is a law enforcement officer is
6    insufficient to prevent the application of the intentional tort exception and to vest the
7    Court with jurisdiction.

8         Plaintiff fails to rebut the Declaration of Connie Beatty stating that Mr. Arreguin
9    was employed by USPS as a Letter Carrier and that there are no statutes or policies
10   authorizing or empowering letter carriers to act as law enforcement officers or to execute
11   searches, seize evidence, or make arrests for violations of federal law.  Dkt. No. 36-2 at
12   ¶¶ 7-8.  Plaintiff cites no authority for the proposition that a letter carrier is a law
13   enforcement officer.  Plaintiff's allegation that a "third-party clerk called Mr. Arreguin
14   to talk to Mr. Mojaz" (TAC ¶ 13) not only fails to allege that Mr. Arreguin was
15   investigating anything under federal law, but is insufficient to transform a letter carrier
16   into a law enforcement officer.  Plaintiff's self-serving conclusion that Mr. Arreguin is a
17   law enforcement officer is a not only a legal conclusion, but it does not receive the
18   presumption of truth in a Rule 12(b)(1) motion asserting a factual attack on jurisdiction.
19   *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

20        Plaintiff's citation to *Millbrook v. U.S.*, 569 U.S. 50, 56 (2013) supports the
21   United States' argument in that it holds that the application of the law enforcement
22   proviso (the re-waiver of the sovereign immunity for acts of law enforcement officers)
23   focuses on the "*status* of persons whose conduct may be actionable, not the types of
24   activities that may give rise to a tort claim against the United States."  *Id.* (emphasis in

25
26   [6] It is unclear why Plaintiff argues that *Mundy v. United States*, 983 F.2d 950, 952
     (9th Cir. 1993) is factually distinguishable from the instant case (Opp. at 7:1-4).  The
27   United States' citation to *Mundy* in its Motion is for the proposition that a court lacks
     subject matter jurisdiction to hear the case if a claim falls within a statutory exception to
28   the FTCA's waiver of sovereign immunity, such as the intentional tort exception of 28
     U.S.C. § 2680(h).

1   original).  The relevant question is whether the officer accused of tortious conduct is a

2   law enforcement officer, not whether he was engaging in investigative or law

3   enforcement activity.  *Id.*  There was no dispute in *Millbrook* that the acts complained of

4   were performed by law enforcement officers (where plaintiff alleged that Bureau of

5   Prison guards committed assault and battery); the question in *Millbrook* was whether the

6   guards were or were not engaged in law enforcement activity during the incident in order

7   to prevent the law enforcement proviso from applying.  Here, not only is there no good

8   faith factual basis to allege that Mr. Arreguin, a letter carrier, was a law enforcement

9   officer, *Millbrook* holds that it is the officer's status and not what he is doing that

10   dictates whether the re-waiver of sovereign immunity applies.

11       Jurisdictional dismissals are warranted "where the alleged claim under the

12   constitution or federal statutes clearly appears to be immaterial and made solely for the

13   purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and

14   frivolous."  *Bell v. Hood*, 327 U.S. 682-83 (1946).  Plaintiff's claim that Mr. Arreguin is

15   a law enforcement officer is a transparent attempt to evade the FTCA intentional tort

16   exception and is made with no good faith factual or legal basis.  The Court should

17   therefore dismiss the claims against the United States with prejudice.

18   / / /

19   / / /

20   / / /

21

22

23

24

25

26

27

28

6

III.   **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court dismiss the claims against it in Plaintiff's Third Amended complaint with prejudice.

Dated: March 9, 2021                        Respectfully submitted,

                                            TRACY L. WILKISON
                                            Acting United States Attorney
                                            DAVID M. HARRIS
                                            Assistant United States Attorney
                                            Chief, Civil Division
                                            JOANNE S. OSINOFF
                                            Assistant United States Attorney
                                            Chief, General Civil Section


                                            ___/s/ Jasmin Yang_____
                                            Jasmin Yang
                                            Assistant United States Attorney

                                            Attorneys for United States Postal Service