JEROLD D. FRIEDMAN (SBN: 290434)
19744 Beach Blvd. #390
Huntington Beach, CA 92648
Telephone:     (213) 536-1244
Facsimile:      (281) 667-3506
*jerry@lawofficejdf.com*

Attorney for Plaintiff
Ehsan Heidari-Mojaz a/k/a Ted Mojaz

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDARI-MOJAZ,<br><br>  *Plaintiff,*<br><br>v.<br><br>ARREGUIN, et al.,<br><br>  *Defendants.* | CASE NO.: 20-cv-00154 CBM (SHKx)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION TO DISMISS**<br><br>Hearing Date: May 18, 2021<br>Hearing Time: 11:00 a.m.<br>Courtroom:  8B<br><br>*Assigned to Hon. Shashi H. Kewalramani* |

1. Plaintiff Ehsanollah Heidari-Mojaz a/k/a Ted Mojaz ("Mojaz") filed suit against Defendant Jaime Arreguin ("Arreguin") for grabbing him, pulling him out of a U.S. Postal Service building, and punching him in the face after Mr. Mojaz had a verbal argument with two USPS employees: Arreguin, himself a USPS supervisor, and a USPS clerk. Arreguin admitted to responding police officers that he punched Mojaz in his face with a closed fist.

2. Mr. Mojaz additionally filed suit against Defendant United States of America ("USA") under the Federal Tort Claims Act, which USA has now moved

to dismiss (Doc. Nos. 52 [formerly 36]) and, to which, Mojaz hereby files his response in opposition.

## I.   <u>ARGUMENT</u>

### A. Response to Defendant USA's Argument on the Court's Lack of Jurisdiction for Want of Timeliness

3.     The Parties agree that Mojaz's deadline to begin suit against USA is on January 25, 2021 (*see* USA's Motion to Dismiss "MTD" 6:4–15).

4.     The operative pleading was filed on Jan. 27, 2021 (Third Amended Complaint; Doc. No. 32) following an attempted filing of the same pleading albeit under the wrong CM/ECF event entry on Dec. 28, 2020 (Doc. No. 30).

5.     Defendant USA thereby argues that the Dec. 28, 2020 filing was timely but void due to the wrong event entry being used and that the Jan. 27, 2021 filing is untimely by two days (MTD 7:13–23).

### i.   *Suit Against Defendant USA Began on Dec. 28, 2020 or Earlier*

6.     The limitations statute at issue requires that the "action is **begun**" (emphasis added) within six months of the date of mailing. 28 U.S.C. § 2401(b). USA chose a different verb in its argument, that the "Plaintiff was required to **file** suit against the United States" (emphasis added) (MTD 6:13–14). Indeed, USA argues that because the Dec. 28, 2020 filed complaint was later replaced, it has no legal effect and the Court must use the Jan. 27, 2021 filing date instead.

7.      Whether suit was filed against USA on Dec. 28 or Jan. 27 is a red herring because the statute explicitly does not concern itself with the date the action was filed. Instead, the statute looks at when the lawsuit began. The lawsuit began against USA when it was named as a defendant on Dec. 28, 2020.

8.      "It is self-evident that, absent some unusual use of language, a lawsuit begins when it is filed." *M.A. Gabaee v. Community Redevelopment Agency*, 419 F.3d 1036, 1040 (9th Cir. 2005). This Court should also parse apart the two events, when a lawsuit **began** and when it was **filed**, as *Gabaee* did. The Ninth Circuit reasoned these are typically *but not necessarily* the same date. Here, Plaintiff interprets *Gabaee* to mean that when the lawsuit began is a question of fact and when it was filed is a question of law. This interpretation is logically compelling. In a hypothetical situation where a plaintiff's original complaint was filed, ruled void but never re-filed, the complaint was never filed as a matter of law, but the lawsuit nonetheless began and ended. USA's argument, applied to such a hypothetical, would mean the lawsuit never began despite there being a public court record of same.

9.      Whereby, Mojaz's lawsuit against USA both began and was filed on Dec. 28, 2020, then the filing date was changed to Jan. 27, 2021. Here, even if *arguendo* USA is correct that the Dec. 28 filing is void *ab initio*, the lawsuit against USA nonetheless began on Dec. 28.

*ii.* <u>*The Dec. 28 filing was not Struck thus is not Barred by Limitations*</u>

10.    Mojaz does not concede that mere filing under the wrong CM/ECF event necessarily voids the filing as to limitations as USA argues. In its <u>Notice to the Filer of Deficiencies in Electronically Filed Documents</u> (Doc. No. 31), the form notes, "In response to this notice, the Court may: 1) order an amended or corrected document to be filed; 2) order the document stricken; or 3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so." By its explicit language, any deficiently filed document is not void unless a court strikes it. The Court has not struck the Dec. 28, 2020 filed complaint so its filing date is still the date the action was filed against USA to satisfy limitations.

11.    Further, Mojaz relied on the form's note when he delayed re-filing the Third Amended Complaint (Doc. No. 32 at 2). Then, on Jan. 27, 2021, the Courtroom Deputy sent an e-mail to Mojaz's counsel advising to "please file a Notice of Errata re DKT NO. 30, per the Notice of Deficiencies DKT. NO. 31, ASAP." Attached hereto as Exhibit 1 is a true and correct copy of said e-mail.[1] Presumably, the Deputy did not act *sua sponte* so Mojaz reasons that e-mail must have been directed by the Court. Mojaz re-filed the operative complaint on the same day as he received the e-mail: Jan. 27, 2021.

---

[1] Unfortunately, it appears that the Deputy did not copy USA, which may explain USA's contention on this point.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION TO DISMISS

12.     It's well settled that the filing date of a materially similar amended complaint relates back to date that the original complaint was filed. Contemplating the same jurisdictional question for the FTCA, the Ninth Circuit observed, "Under the 'relation back' provisions of Federal Rule of Civil Procedure 15(c)(2), a party may amend a pleading despite an applicable statute of limitations in situations where 'the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the initial pleading.'" *Goodman v. U.S.*, 298 F.3d 1048, 1053 (9th Cir. 2002). USA points out that the Third Amended Complaint has not significantly changed from the previous (and timely filed) Second Amended Complaint (MTD 1:25–2:3), so USA cannot argue the two pleadings are materially different.

13.     Altogether, Mojaz followed the rules albeit with the wrong event when filing his Third Amended Complaint on Dec. 28, 2020, did not re-file unless and until the Court ordered it, and re-filed the Third Amended Complaint on the same day the Court requested. Mojaz does not contend that he needs equitable tolling when he follows the rules but, if a case is to be made for equitable tolling, Mojaz deserves that option here.

14.     USA cannot argue that it suffered any prejudice from a late-filed or late-noticed lawsuit if, for no other reason, USA's attorney defending the instant complaint also defended now-dismissed Defendant U.S. Postal Service in previous

complaints and read the Court's opinion that USA was the proper Defendant.

Whereby USA has been on notice of the instant lawsuit almost since its inception.

*iii.* *Service of Process is Waived because USA made a General Appearance*

15.    Finally, USA argues that relation-back doctrine in Rule 15(c)(2) should not be accepted for failure to serve process (MTD 7:13–23). Given the established timeline of the operative complaint being filed on Jan. 27, 2021, Mojaz must serve USA within ninety days (Rule 4(m)), or April 27, 2021. USA's argument is not ripe as Mojaz still has ample time to effect service.

16.    However, by USA's filing of its MTD on Feb. 16, 2021, USA has made a general appearance and service of process is no longer required. "A general appearance waives all question of the service of process. It is equivalent to a personal service. The question of jurisdiction only is saved. If there was error in the commencement of this action by reason of a defective notice or otherwise, it was cured by the appearance." *Creighton v. Kerr*, 87 U.S. 8, 12 (1873).

**B. Response to Defendant USA's Argument that the Court lacks Jurisdiction due to the Intentional Tort Exception**

17.    Mr. Mojaz pled that Defendant Arreguin grabbed, moved, and punched him—intentional torts—and alleges these facts against USA pursuant to FTCA. In its MTD, USA argues to dismiss based on the question of jurisdiction under these facts pursuant to Rule 12(b)(1), citing *Mundy v. United States*, 983 F.2d 950, 952

(9th Cir. 1993). In *Mundy*, the plaintiff pled negligence that the court interpreted as misrepresentation and, based on that interpretation, the court dismissed the claim based on FTCA's "misrepresentation" exception.

18.     In the instant case, Mojaz pled "assault, battery, false imprisonment" (TAC, ¶¶ 39–41). Unlike misrepresentation, these intentional torts are not excepted from the FTCA when the defendant is an "investigative or law enforcement agent," 28 U.S.C. 2680(h), that is further defined to mean: "any officer of the United States who is empowered by law to execute searches, seize evidence, or make arrests for violations of Federal law." (*Id.*).

19.     Mojaz pled that Arreguin "Is a manager or supervisor [and] is empowered by law to execute searches and to seize evidence," (TAC, ¶ 14c–d). Mojaz properly pled his intentional tort claim against USA.

20.     Notwithstanding his pleading, USA asks the Court to go on a fact-finding mission beyond the four-corners of the complaint to determine that a typical U.S. Post Office manager or supervisor cannot search for or seize any criminal evidence that comes before him. In other words, USA wants the Court to interpret Mojaz's complaint in its favor despite Mojaz having properly pled jurisdictional facts. This makes no more sense than a defendant asking a court to ignore any other jurisdictional facts for the defendant to enjoy the protections of Rule 12(b)(1).

21.     In 2013 the Supreme Court found that the statute's "plain text confirms that

Congress intended immunity determinations to depend on a federal officer's legal

authority, not on a particular exercise of that authority." *Millbrook v. United States*,

569 U.S. 50, 50 (2013). The unanimous opinion held that the FTCA's sovereign

immunity waiver for intentional torts committed by law enforcement officers

applies "regardless of whether the officers are engaged in investigative or law

enforcement activity, or are executing a search, seizing evidence, or making an

arrest" when the tort was committed. *Id*. The question isn't entirely whether a

manager or supervisor had investigative or law enforcement powers within the

scope of employment or whether at the time of the incident, Arreguin was involved

in such activity, but whether at the time of the incident, Arreguin was able to

investigate. Plaintiff notes that, at least *prima facie*, the third-party clerk "called

Mr. Arreguin to talk with Mr. Mojaz" (TAC, ¶ 13) and such action by the clerk and

Arreguin suggests that Arreguin was an investigator.

22.     Because jurisdictional facts were pled, Mojaz interprets USA's argument not

to be under Rule 12(b)(1) but instead under Rule 12(b)(6). The latter Rule

specifically prohibits a defendant from bringing in facts not in the complaint. "In

evaluating [a 12(b)(6) motion], the Court considers only the allegations in the

complaint (as well as any judicially noticeable documents). *See Americopters, LLC*

*v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (indicating that, for a Rule 12(b)(6)

motion, a district court is 'confined by the facts contained in the four corners of the

complaint').” *Chukwudebe v. Lu*, No. C-13-5466 EMC, at *2 (N.D. Cal. Jan. 6, 2014).

23.     USA embellishes Arreguin's Answer when it argues he was only a lowly supervisor on the date of the incident and effectively no more than a clerk or letter carrier (MTD, 12:12). These facts are no where in Arreguin's Answer. Even if his Answer said such things, Arreguin's Answer is not verified and does not conform to the requirements of an affidavit nor declaration. It is hopelessly devoid of explaining what Arreguin's scope of employment was on the date of the incident.

24.     As such, USA's introduction of declarations and other attempts to introduce facts outside the complaint should be excluded for the purposes of the instant motion.

### C. Plaintiff Abandons Negligence Claims against USA

25.     Mojaz hereby abandons all negligence causes of action against USA.

26.     Mojaz previously informed USA that he would dismiss these causes of action. Nonetheless, USA dutifully argued against these causes of action assuming Plaintiff reneged on his promise.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION TO DISMISS**

## II.   <u>CONCLUSION</u>

27.   Mr. Mojaz's suit against USA is predicated upon its then-employee's intentional torts and said employee's scope of employment. The question of scope is properly pled so Mojaz respectfully requests the Court to deny USA's motion to dismiss.


Dated: <u>March 1, 2021</u>                    Respectfully submitted,


By: <u>*/s/ Jerold D. Friedman*</u>
Jerold D. Friedman
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5, this document and all attachments, including any exhibits and proposed orders, were filed and served upon all parties with the Court's CM/ECF system for all parties with a CM/ECF account or served by e-mail pursuant to mutual electronic mail service agreements with such parties on April 26, 2021.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT USA'S MOTION TO DISMISS**